UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WITCHARD,

      Plaintiff,

v.                                                                        Case No. 6:10-cv-474-Orl-31GJK

DAVID KEITH, et al.,

      Defendants.

_____

**ORDER**

This case is before the Court on Defendant David Keith's Motion to Dismiss for

Failure to State A Cause of Action, and, Alternatively Motion to Dismiss As A Shotgun

Pleading or For More Definite Statement (Doc. No. 26, filed October 6, 2010).

**I.**     *Factual Background*[1]

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed a complaint (Doc.

No. 1) and an amended complaint (Doc. No. 13), pursuant *to Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants David Keith

and Six Unknown State and Federal Police Officials.  Defendant Keith is a United States

Postal Inspector.  This action was dismissed against the remaining Defendants on January

---

[1]The following statement of the facts is derived from Plaintiff's complaint (Doc. No.
1) and amended complaint (Doc. No. 13), the allegations of which this Court must take as
true in ruling on a motion to dismiss.  *See Quality Foods de Centro America, S.A. v. Latin*
*American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

24, 2011 (Doc. No. 34)

Plaintiff states that, on February 26, 2010, Defendant Keith along with the other

Defendants obtained a search warrant and served it at Plaintiff's home.  (Complaint at 14-

15.) Plaintiff was not at home, and the "police Defendants" ordered Plaintiff's wife to leave

the home while the search proceeded.  *Id.*  at 15.  According to Plaintiff, Defendant Keith

threatened Plaintiff's wife with arrest if she refused to talk or answer his questions.  *Id.*

Defendant Keith and "other police officials" confiscated papers, a computer hard drive,

and a typewriter; however, the confiscation inventory document provided to Plaintiff's

wife only listed the "papers."  *Id.*   Plaintiff claims that Defendant Keith's actions were

retaliatory because Plaintiff won "the initial wire fraud indictment in federal court" and

because of Plaintiff's role as a "jailhouse lawyer."  *Id.*  at 9, 17.

In count one, Plaintiff alleges that, on June 6, 2006, while residing in Orlando,

Florida, a federal grand jury, impaneled in the Western District of Pittsburgh,

Pennsylvania, charged him by indictment with wire fraud.  *Id.* at 8.  He states that the

charges were based on false evidence and information that were obtained by Defendant

Keith and "other unknown" individuals.  *Id.* Plaintiff was acquitted of the charges,[2] and

Plaintiff contends that Defendant Keith and "his co-conspirators" retaliated against

Plaintiff because he was acquitted of the charges and because he was working as a

"jailhouse lawyer."  The specific retaliatory actions are not set forth in this count, but

---

[2]Plaintiff states that his criminal case proceeded to a jury trial and that the court
granted his motion to dismiss the indictment.  *Id.* at 13.

Plaintiff has alleged certain improper actions on the part of Defendant Keith and the other

Defendants in counts two through five.  He claims violations of the 1st, 4th, 5th, 6th, 8th, and

14th amendments.

In count two, Plaintiff alleges that Defendant Keith and the other Defendants

harassed him and his wife and that they tried to induce him and his wife into giving up

their rights to remain silent and against self-incrimination.  *Id*. at 10.  In particular, he states

that, during the search of his home on February 26, 2010, Defendant Keith threatened to

arrest Plaintiff's wife if she refused to talk or answer questions.  *Id*.  He claims violations

of the 4th, 5th, and 14th amendments.

In count three, Plaintiff claims that, on February 26, 2010, Defendant Keith and the

other Defendants "took or stole," without the consent of Plaintiff or his wife, a computer

hard drive and a typewriter.  *Id*. at 11.  He also alleges that the search warrant was obtained

"via perjury."  *Id*.  He claims violations of the 4th and 14th amendments.

In count four, Plaintiff states that Defendant Keith and the other Defendants

"illegally and unconstitutionally" confiscated "two (2) completed book manuscripts" from

him.  *Id*. at 12.  He alleges that the incident occurred on February 26, 2010, during the

search of Plaintiff's home.  *Id*.  He claims violations of the 1st, 4th, and 14th amendments.

He also mentions that, on January 3, 2010, Defendant Keith informed Plaintiff's

probation officer that Plaintiff had stolen a check out of someone's mailbox.  *Id*. at 14.

Plaintiff contends that Defendant Keith's actions constituted harassment and that

Defendant Keith also harassed Plaintiff's sister and brother on numerous occasions by

making numerous telephone calls to them. *Id*.

In count five, Plaintiff alleges that Defendant Keith and his "unknown name[d] co-conspirators" tampered with Plaintiff's state court criminal records and put false information therein in order to extend his prison sentence. (Amended Complaint at 2.) He claims violations of the 4th, 5th, 6th, 8th, and 14th amendments.

## II.    *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (2003). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotations and citations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (internal quotations and citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555-56 (internal quotations and citations omitted). In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *See Hughes v.*

*Rowe*, 449 U.S. 5, 9 (1980).

As discussed by the United States Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009),

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

### III.  *Analysis*

### A.  *Bivens Action*

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. In *Bivens*, the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action for damages, despite the absence of any federal statute creating liability. *Id.* at 389. To succeed on a *Bivens* action, a plaintiff must first establish a constitutional violation. *See Baranksi v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 444 (6th Cir. 2006).

### B.  *Qualified Immunity*

"The doctrine of qualified immunity protects government officials from liability for

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (internal quotation and citation omitted).  In resolving a qualified immunity claim, a court must determine 1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and 2) "whether the right at issue was `clearly established' at the time of defendant's alleged misconduct." *Id*. at 815-16.  The Court may address these inquiries in any order.  *Id*. at 818.

The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials.  *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997).  In both section 1983 claims against state officials and *Bivens* claims against federal officials, "officials performing discretionary function[s], generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Id*. at 914-15 (internal quotations and citation omitted).

C.      *Count One*

In count one, Plaintiff alleges that, as a result the retaliatory actions of  Defendant Keith and "other unknown" individuals, there was a violation of his rights under the 1st, 4th, 5th, 6th, 8th, and 14th amendments.

Assuming, without deciding, that a *Bivens* claim predicated on the First Amendment

is viable,[3] Plaintiff does not allege how the asserted facts relate to the denial of his First Amendment rights.  Plaintiff makes no allegations that specifically link Defendant Keith to any First Amendment violation or allege how Defendant Keith's actions restricted or infringed upon his protected First Amendment rights.  Without specific allegations, his *Bivens* claim cannot survive. *See Iqbal*, 129 S. Ct. at 1948 (noting that a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV.  The Supreme Court has recognized liability of individual federal officers for violations of the Fourth Amendment.  *See Bivens*, 403 U.S. at 388.  In count one, Plaintiff does not provide any specific factual allegations to support a Fourth Amendment violation.

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.  The Supreme Court has recognized *Bivens* liability for violations of the Fifth Amendment Due Process Clause. *See Davis v. Passman*, 442 U.S. 228 (1979) (finding implied damages remedy under the Due Process Clause of the Fifth Amendment).  Plaintiff  does not specify the nature of the Fifth Amendment violation he alleges or provide any specific factual allegations to support a Fifth Amendment violation.   Plaintiff provides no facts suggesting how

---

[3]The Supreme Court has not found an implied damages remedy under *Bivens* to a claim sounding in the First Amendment. *Iqbal*, 129 S. Ct. at 1948.

Defendant Keith's conduct violated his Fifth Amendment rights. Plaintiff's allegations do not provide any underlying facts to state a plausible claim for violation of the Fifth Amendment by Defendant Keith.

The Sixth Amendment provides certain rights "[i]n all criminal prosecutions." U.S. Const. amend. VI. The Supreme Court has not expressly extended *Bivens* liability to Sixth Amendment claims. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66-68 (2001) (explaining that Supreme Court has recognized *Bivens* causes of action only in Fourth, Fifth, and Eighth Amendment cases and declining to extend *Bivens* "into any new context"). For this reason, Plaintiff does not state a plausible claim for violation of the Sixth Amendment against Defendant Keith.

Assuming that a Sixth Amendment claim is viable, Plaintiff has not pled a plausible Sixth Amendment claim. Plaintiff does not adequately allege any basis for his Sixth Amendment claim, *i.e.*, right to criminal counsel, Confrontation Clause, speedy trial, etc. Plaintiff has not alleged any facts suggesting that Defendant Keith's conduct did not meet the Sixth Amendment's requirements. Plaintiff makes no allegations that specifically link Defendant Keith's conduct to any Sixth Amendment violation or indicate how Defendant Keith's actions restricted or infringed upon his protected Sixth Amendment rights.

The Supreme Court has recognized a *Bivens* action for Eighth Amendment violations. *Carlson v. Green*, 446 U.S. 14, 18 (1980). However, to state an actionable *Bivens*/Eighth Amendment claim against Defendant Keith, Plaintiff must provide specific factual allegations showing how, specifically, Defendant Keith personally violated his

Eighth Amendment rights.  Plaintiff has failed to present such allegations.

The Fourteenth Amendment applies only to state violations.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (since the Fourteenth Amendment applies only to state action, discrimination by federal authorities may be brought as violations of the Due Process Clause of the Fifth Amendment).  "The Supreme Court has consistently applied the same standards to determine deprivation of liberty without due process under the fifth and the fourteenth amendments." *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1105 n.13 (D.C. 1885) (citation omitted).  Defendant Keith is a federal employee, and, as such, Plaintiff fails to state a plausible claim for relief against Defendant Keith under the Fourteenth Amendment.  In addition, Plaintiff did not provide specific allegations showing how Defendant Keith violated his Fourteenth Amendment rights.  Accordingly, count one must be dismissed.

Moreover, Defendant Keith raises the defense of qualified immunity.  Since the Court has found that Plaintiff has not established any constitutional violation with regard to this count, Defendant Keith is entitled to qualified immunity as to count one as well.

D.    *Count Two*

In count two, Plaintiff alleges that Defendant Keith and the other Defendants harassed him and his wife and that the tried to induce him and his wife into giving up their rights to remain silent and against self-incrimination.  He claims violations of the 4th, 5th, and 14th amendments.

Plaintiff does not provide any specific factual allegations to support a Fourth

Amendment violation.  Additionally, since, as discussed above, Defendant Keith is a

federal employee, Plaintiff fails to state a plausible claim for relief against Defendant Keith

under the Fourteenth Amendment.  Moreover, Plaintiff did not provide specific allegations

showing how Defendant Keith violated his Fourteenth Amendment rights.

As to the alleged Fifth Amendment violation, Plaintiff alleges no facts showing

Defendant Keith forced him to forego his Fifth Amendment right to remain silent.  To the

contrary, the Plaintiff states that he was not present when the search warrant was served.

Plaintiff appears to contend that Defendant Keith forced the Plaintiff's wife to forego her

constitutional rights.  However, no facts are alleged to support this claim and, in any event,

Plaintiff lacks standing to assert an alleged violation of his wife's constitutional rights since

a "civil rights action under either § 1983 or *Bivens . . .* must be based upon the violation of

plaintiff's personal rights, and not the rights of someone else."  *See Archuleta v. McShan*, 897

F.2d 495, 497 (10th Cir.1990) (quotation omitted).

Accordingly, count two must be dismissed, and, since the Court has found that

Plaintiff has not established any constitutional violation with regard to this count,

Defendant Keith is entitled to qualified immunity as to count two as well.

E.     *Count Three*

In count three, Plaintiff claims that Defendant Keith and the other Defendants "took

or stole," without the consent of him or his wife, a computer hard drive and a typewriter.

He also alleges that the search warrant was obtained by perjury.  He claims violations of

the 4th and 14th amendments.

10

As discussed above, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  The Court finds that Plaintiff's allegations, on a motion to dismiss, are minimally sufficient to show a Fourth Amendment violation since he alleges that the search warrant was obtained "via perjury" and that Defendant Keith stole his personal property.

Defendant Keith is not entitled to qualified immunity at this stage of the proceedings with regard to this portion of the count.  At this stage of the proceedings, on a motion to dismiss, the Court finds that  no reasonable officer would think that obtaining a search warrant through perjury or that stealing personal property under the guise of an invalid search warrant was lawful.  *See Martens v. Shensky*, 2006WL 173651 (D. Idaho January 23, 2006).  Qualified immunity is not intended to protect "those who knowingly violate the law."  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Since, as discussed above, Defendant Keith is a federal employee, Plaintiff fails to state a plausible claim for relief against Defendant Keith under the Fourteenth Amendment.  Moreover, Plaintiff did not provide specific allegations showing how Defendant Keith violated his Fourteenth Amendment rights.

F.      *Count Four*

In count four, Plaintiff states that Defendant Keith and the other Defendants "illegally and unconstitutionally" confiscated "two (2) completed book manuscripts" from him.  *Id.* at 12.  He alleges that the incident occurred on February 26, 2010, during the

search of Plaintiff's home.  *Id.*  He claims violations of the 1st, 4th, and 14th amendments.

Plaintiff does not allege how the asserted facts relate to the denial of his First Amendment rights.  Plaintiff makes no allegations that specifically link Defendant Keith to any First Amendment violation or allege how Defendant Keith's actions restricted or infringed upon his protected First Amendment rights.  Additionally, since, as discussed above, Defendant Keith is a federal employee, Plaintiff fails to state a plausible claim for relief against Defendant Keith under the Fourteenth Amendment.  Moreover, Plaintiff did not provide specific allegations showing how Defendant Keith violated his Fourteenth Amendment rights.

As to the Fourth Amendment violation, the Court finds that Plaintiff's allegations, on a motion to dismiss, are minimally sufficient to show a Fourth Amendment violation since he alleges that the search warrant was obtained "via perjury" and that Defendant Keith stole his personal property.  Further, Defendant Keith is not entitled to qualified immunity at this stage of the proceedings with regard to this portion of the claim because no reasonable officer would think that obtaining a search warrant through perjury or that stealing personal property under the guise of an invalid search warrant was lawful.

G.      *Count Five*

In count five, Plaintiff alleges that Defendant Keith and his "unknown name[d] co-conspirators" tampered with his state court criminal records and put false information therein in order to extend his prison sentence.  (Amended Complaint at 2.)  He claims violations of the 4th, 5th, 6th, 8th, and 14th amendments.

Plaintiff does not provide any specific factual allegations to support a violation of the Fourth, Fifth, Sixth, Eighth Amendment, or Fourteenth Amendments.  He makes no allegations that link Defendant Keith to any violation of the Fourth, Fifth, Sixth, Eighth Amendment, or Fourteenth Amendments.   Additionally, since, as discussed above, Defendant Keith is a federal employee, Plaintiff fails to state a plausible claim for relief against Defendant Keith under the Fourteenth Amendment.

Moreover, Defendant Keith is entitled to qualified immunity since the Court has found that Plaintiff has not established any constitutional violation with regard to this count.

Accordingly, it is hereby **ORDERED** as follows:

1.      Defendant David Keith's Motion to Dismiss for Failure to State A Cause of Action and Alternatively Motion to Dismiss As A Shotgun Pleading or For More Definite Statement (Doc. No. 26, filed October 6, 2010) is **DENIED IN PART AND GRANTED IN PART**.  All counts in the original complaint (Doc. No. 1) and the amended complaint (Doc. No. 13) are dismissed except the Fourth Amendment claims in counts three and four.

2.      Defendant Keith shall file an answer to the Fourth Amendment claims in counts three and four within **TWENTY-ONE (21) DAYS** from the date of this Order. Thereafter, a scheduling order will be entered.

**DONE AND ORDERED** in Orlando, Florida, this 26th day of January, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 1/26
Joseph Witchard
Counsel of Record